UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NOEL LAFAYETTE, | : | |
| | : | |
| Plaintiff, | : | Case No: 3:09-CV-1999 (CHS) |
| v. | : | |
| | : | **FRCP RULE 26(f) REPORT** |
| GC SERVICES, LP and | : | **INCLUDING STATEMENT** |
| DOES 1-10, inclusive | : | **REQUIRED BY THE COURT'S** |
| Defendants. | : | **ORDER DATED APRIL 12, 2010** |
| | : | |

## STATEMENT PURSUANT TO APRIL 12, 2010 ORDER REGARDING IMPOSITION OF SANCTIONS

The parties respectfully assert that sanctions for failure to file this Report by February 24, 2010 would be inappropriate in this case. The Defendant appeared by counsel on January 25, 2010. Beginning on or about February 1, 2010, counsel have been actively engaged in efforts to reach a settlement which would obviate the need to expend further time and effort in this matter. Those efforts continued through the early part of this week. Had the parties not felt realistically hopeful that an early settlement would materialize a report of the planning meeting would have been filed earlier.

Counsel regret that settlement was finally deemed unlikely at this stage but are committed to continuing efforts to come to terms in advance of trial.

## REPORT OF PARTIES' PLANNING MEETING

Date complaint filed: December 8, 2009

Date complaint served: December 18, 2009

Date of defendant's appearance: January 25, 2010

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, the parties conferred on various dates beginning on or about February 1, 2010 through and including

April 23, 2010.  The participants were:

- Sergei Lemberg and Susan Schneiderman, Lemberg & Associates, LLC, for the plaintiff

- Jonathan D. Elliot, Zeldes, Needle & Cooper, PC, for the defendant

## I.   CERTIFICATION.

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibility for achieving a prompt settlement or other resolution of the case.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   JURISDICTION.

A.   Subject matter jurisdiction:  28 U.S.C. §1331 and 15 U.S.C. §1692k.

B.   Personal jurisdiction:  Personal jurisdiction is not contested.

## III.   BRIEF DESCRIPTION OF CASE:

A.   **Claim of Plaintiff**:  Plaintiff seeks relief for alleged violations of Sections 804(2) and 805(b) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692b(2) and  1692(c)(b) including the following:.

B.   **Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants**: Defendant denies the material allegations of the Complaint and asserts three affirmative defenses, namely, failure to state a claim, statute of limitations and a *bona fide* error defense pursuant to 15 U.S.C. §1692k(c)..

C.   **Defenses and Claims of Third Party Defendant**:  N/A

## IV.   STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether

there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

- Plaintiff is an adult individual residing in Weston, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

- Defendant GC Services, L.P. ("GC") is a Texas Limited Liability Company with a place of business at 6330 Gulfton, Houston, Texas 7708.

- GC operates a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

- GC was retained by American Educational Services ("AES") to collect an alleged outstanding student loan balance from the Plaintiff.

- Defendant attempted to collect the subject debt from Plaintiff.

### V.  CASE MANAGEMENT PLAN:

A.  **Standing Order on Scheduling in Civil Cases**.

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases, consistent with parts E through H below.

B.  **Scheduling Conference with the Court.**

The parties do not **request** a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  **Early Settlement Conference.**

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties have been actively engaged in efforts to achieve a settlement and it now appears that settlement at this stage of the proceedings is unlikely.

2.  The parties do not request an early settlement conference.

      3.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.**     **Joinder of Parties and Amendment of Pleadings.**

      1.      Plaintiff should be allowed until June 10, 2010 to file motions to join additional parties and/or to amend the pleadings.

      2.      Defendants should be allowed until June 20, 2010 to file motions to join additional parties and/or to amend the Answer.

**E.**     **Discovery.**

      1.      The parties anticipate that discovery will be needed on the following subjects:

- Defendants' collection efforts regarding the plaintiff's account;
- Defendants' communications in connection with the collection;
- Defendants' affirmative defenses;
- Ownership of the underlying debt;
- The nature of the underlying debt;
- Any other issues raised by the pleadings, including damages.

The parties each reserve the right to object to discovery as propounded.

      2.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be begun by May 10, 2010, and completed (not propounded) by November 30, 2010.

      3.      Discovery will not be conducted in phases.

      4.      The parties anticipate that the plaintiff will require a total of 2 depositions of fact witnesses and that defendant will require a total of 2 depositions of fact witnesses.

The depositions will commence by June 10, 2010, and be completed by November 30, 2010.

5. The parties will not request permission to file more than 25 interrogatories.

6. Plaintiff does not intend to call expert witnesses at the present time. Should Plaintiff decide to call an expert witness, Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 8, 2010. Depositions of any such experts will be completed by November 30, 2010.

7. Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by: November 15, 2010. Depositions of any such experts will be completed by November 30, 2010.

8. A damage analysis will be provided by any party who has a claim or counterclaim for damages by June 10, 2010.

9. Undersigned counsel has discussed the disclosure and preservation of electronically stored information.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Parties will follow the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B).

11. The parties agree to preserve during the pendency of this litigation any electronic records known to be relevant to the claims and defenses in the action..

**F.** **Dispositive Motions.**

Dispositive motions will be filed on or before January 24, 2011.

**G.** **Joint Trial Memorandum.**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by the later of February 7, 2011 or, if Dispositive Motions are filed, 30 days after any final determination on a dispositive motion leaving issues for trial.

## VI.   TRIAL READINESS.

The case will be ready for trial by March 7, 2010 or four weeks after the submission of the Joint Trial Memorandum, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| The Plaintiff | The Defendant |
|---|---|
| NOEL LAFAYETTE | GC SERVICES LP |
| By His Attorney | By Its Attorney |
| /s/ Sergei Lemberg | /s/ Jonathan D. Elliot |
| Sergei Lemberg (ct425027) | Jonathan D. Elliot (ct05762) |
| Lemberg & Associates, LLC | Zeldes, Needle & Cooper, PC |
| 1100 Summer St., 3rd Floor | 1000 Lafayette Boulevard |
| Stamford, CT 06905 | Bridgeport, CT 06604 |
| Tel. (203) 653-2250 | Tel. 203-333-9441 |
| Fax: (877) 795-3666 | Fax 203-222-1489 |
| email: slemberg@lemberglaw.com | Email: jelliot@znclaw.com |
| Date: April 23, 2010 | Date: April 23, 2010 |